UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-cv-00096

| | |
|---|---|
| WENDY M. GELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| PROVIDENT LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY (a Tennessee ) | |
| Corporation) and UNUM GROUP (f/k/a ) | |
| Provident Companies, Inc., a Delaware ) | |
| Corporation d/b/a Provident Life and ) | |
| Accident Ins. Co., The Paul Revere Life ) | |
| Insurance Company, Unum Life Insurance ) | |
| Company of America, First Unum Life ) | |
| Insurance Co. and Colonial Life and ) | |
| Accident Insurance Co. and G4S ) | |
| COMPLIANCE & INVESTIGATIONS, ) | |
| INC. (f/k/a MJM Investigations, Inc.) ) | |
| (a North Carolina Corporation), ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand (Document #12) filed August 23, 2010; Defendants' Response to Plaintiff's Motion to Remand (Document #48) filed September 9, 2010; and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand (Document #49) filed September 24, 2010. This matter is now ripe for disposition.

## I. INTRODUCTION

On June 21, 2010 Plaintiff filed a civil action against Defendants in the General Court of Justice, Superior Court Division, Iredell County, North Carolina. On July 23, 2010, Defendants timely filed a notice of removal pursuant to 28 U.S.C. § 1446. Defendants argue that Plaintiff

1

improperly joined G4S Compliance & Investigations, Inc. ("G4S"), and that without the fraudulent joinder of G4S, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 based on diversity of citizenship. Plaintiff, conversely, argues that she has a legitimate claim against G4S, this court has no subject matter jurisdiction, and that this case should be remanded pursuant to 28 U.S.C. § 1447.

The pertinent facts for purposes of this Order are as follows. Plaintiff Wendy Geller was the president and chief executive officer of a family-owned auto dealership that specialized in the sale of new and used luxury vehicles. In 1992, Plaintiff applied for and was issued a disability insurance policy from Defendant Unum. In the summer of 2003, Plaintiff was diagnosed with Lyme disease and was eventually diagnosed with fibromyalgia. As a consequence of developing Lyme related fibromyalgia, Plaintiff was unable to perform her work duties and she subsequently filed a claim under her disability policy. Unum Group investigated Plaintiff's claim by, among other things, reviewing medical records, conducting a physical examination of Plaintiff by a physician of its own choosing, and conducting an internal legal review. After the investigation and evaluations, Unum Group accepted the claim.

Though Unum accepted Plaintiff's claim, Unum continued a process of "claims management," whereby it continued to evaluate the validity of Plaintiff's claim. At Unum Group's direction, Defendant G4S conducted surveillance on Plaintiff in June of 2007. More specifically, G4S conducted surveillance of Plaintiff while Plaintiff was in the backyard and on the backyard pier of her lakefront home. Plaintiff claims that the G4S employee was wrongfully on the premises of a private community and took surveillance video of plaintiff and her children from several vantage points without the permission of Plaintiff, the other property owners, or the development in which Plaintiff lived. Defendants contend that the activities of the G4S

employee constitute part of a routine claims investigation, during which he observed and videotaped the activities of Plaintiff in an outdoor area, fully visible to a neighbor or a recreational user of the lake on which Plaintiff lives. Plaintiff's insurance case continued to be reviewed and Plaintiff was once again examined by a doctor of Unum's choosing. Two years after the surveillance, in July of 2009, Unum Group terminated Plaintiff's disability benefits.

In her complaint, Plaintiff alleges causes of action for breach of contract, unfair and deceptive trade practices, breach of the covenant of good faith and fair dealing, bad faith, and invasion of privacy. Plaintiff's invasion of privacy claim is based upon G4S's surveillance of Plaintiff while she was in her backyard, and is the only claim Plaintiff brings against G4S. Defendants removed the action, asserting that G4S is a sham defendant who was fraudulently joined by Plaintiff for the sole purpose of defeating this Court's diversity jurisdiction.

## II. STANDARD OF REVIEW

Federal Courts are courts of limited jurisdiction and the burden of establishing jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of the limited jurisdiction of federal courts, courts must strictly construe removal jurisdiction and remand if federal jurisdiction is doubtful. *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Remand is proper if it appears, at any time before final judgment, that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the ... defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). It is fundamental that a case may only be removed from state court to a federal

district court if the district court would have had original jurisdiction in the first place. *See, e.g., Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005)(citing 28 U.S.C. § 1441); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89-90 (2005). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between–(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. This section requires complete diversity between all parties. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1805). Moreover, in cases in which the district court's jurisdiction is based on diversity of citizenship, the privilege of removal is further limited in that a federal court may exercise jurisdiction only if no defendant is a citizen of the state where the action has been initiated. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

### III. ANALYSIS
**A. Diversity Jurisdiction**

Defendants' removal of this case is based upon diversity jurisdiction, premised on the argument that G4S was fraudulently joined. Plaintiff does not dispute that the amount in controversy is greater than $75,000 irrespective of interests and costs. Defendants do not contest, that for diversity of citizenship purposes, Defendant G4S is a corporate citizen of North Carolina. Therefore, unless G4S is dismissed as a sham defendant, complete diversity of citizenship does not exist in this case, as required by *Strawbridge* and *Catepillar*.

4

**B. Fraudulent Joinder**

The doctrine of fraudulent joinder permits the court, in some instances, to disregard the presence of a non-diverse Defendant for purposes of determining the existence of diversity jurisdiction. *See, e.g.,Mayes v. Rapoport*, 198 F.3d 457, 261 (4th Cir. 1999). When cases are removed based on fraudulent joinder, the burden of proof is on the removing party to show either: "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)(emphasis in original)).

"The party alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim after resolving all issues of fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The removing defendant "must show that the plaintiff cannot establish a claim [against the non-diverse defendant] even after resolving all the issues of law and fact in the plaintiff's favor." *Id.*.

**1. Fraud in the Pleadings**

Defendants have not claimed any fraud in the pleading of jurisdictional facts and they admit G4S is a North Carolina Corporation with its principal place of business in Wake County, North Carolina. Accordingly, Defendants are required to prove that there is no possibility that Plaintiff will be able to establish its cause of action for invasion of privacy against G4S in state court. *Marshall,* 6 F.3d at 232.

**2. Viability of Plaintiff's Invasion of Privacy Claim**

In conducting the analysis of whether Plaintiff's claim against G4S is viable under state law, such a claim is governed by North Carolina common law. *See Bettius v. Sanderson, P.C. v. Nat'l Union fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1009, 1019 (4th Cir. 1988) ("When hearing a case pursuant to diversity jurisdiction, a federal court must determine issues of state law as it believes the highest court in the state would determine them."). Additionally, when examining the viability of a claim under North Carolina law, this court is "not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctrs. v. Group W Tel., Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). In disputes over whether removal was proper, however, the Fourth Circuit has cautioned that "a jurisdictional inquiry is not the appropriate stage of litigation to resolve ... various uncertain questions of law and fact ... [C]ourts should minimize threshold litigation over jurisdiction." *Hartley*, 187 F. 3d at 426. Instead, "[j]urisdicton should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (internal quotation marks omitted). Put another way,

> Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation on the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Hartley*, 187 F. 3d at 426.

As such, the only inquiry at issue here is whether the allegations against G4S for invasion of privacy raise a "slight possibility" or a "glimmer of hope" that Plaintiff's claim against G4S

6

could succeed. For the reasons stated herein, this Court finds and concludes that Plaintiff's Complaint states a sufficient claim under the jurisdictional inquiry.

Defendants argue that diversity jurisdiction exists because G4S is not a proper defendant in this action. Defendants' argument rests on the premise that Plaintiff has no possibility of recovery for her claim against G4S for invasion of privacy based upon the intrusion into the solitude or seclusion of another. G4S argues that Plaintiff has no possibility of recovery because Plaintiff had no expectation of privacy in her backyard and G4S's surveillance was part of a routine claims investigation.

Invasion of privacy based upon "intrusion upon seclusion" was first acknowledged to be a potential basis for recovery in *Miller v. Brooks*, 472 S.E.2d 350, 354 (1996). North Carolina courts have held that such an intrusion, "consists of an intentional physical or sensory interference with, or prying into, a person's solitude or seclusion or his private affairs." *Burgess v. Busby*, 544 S.E.2d 4, 11 (N.C. App. 2001). Additionally, the intrusion must be "highly offensive to a reasonable person." *Id.*

*Miller* and subsequent case law has helped define the boundaries of what constitutes intrusion upon seclusion in North Carolina. For instance, in *Miller*, the plaintiff sufficiently pled a claim for intrusion into seclusion when the defendants had invaded plaintiff's home, placed a hidden video camera in his bedroom, and gone through his mail. *Miller,* 472 S.E.2d at 352-53. In another North Carolina case the plaintiff, a former federal and state employee, sufficiently stated a claim for invasion of privacy where his personnel file had been released to various news media and the public as retaliation from his employer. *Toomer v. Garrett*, 574 S.E.2d 76, 90 (2002). At the other end of the spectrum, no claim for invasion of privacy exists when a newspaper based a story on public records in which plaintiff had no expectation of privacy. *See Broughton v.*

*McClatchy Newspapers, Inc.*, 588 S.E.2d 20, 27-28 (2003).

The facts of the current case do not allege an invasion of privacy as outrageous as what occurred in *Miller* and *Toomer*. G4S did not physically enter Plaintiff's home or leak information in Plaintiff's personnel file as did the respective Defendants in *Miller* and *Toomer*. It must also be noted, however, that the facts presented by this case constitute more of an invasion of privacy than what occurred in *Broughton*. Unlike the public records in *Broughton*, in which Plaintiff has no legitimate expectation of privacy, Plaintiff has at least some expectation of privacy in her own backyard. Moreover, while not specifically stating the degree of privacy a person has in their own backyard, the North Carolina Court of Appeals has stated that specific examples of intrusion include "physically invading a person's home or <u>other private place</u>, eavesdropping by wiretapping or microphones, peering through windows, persistent telephoning, unauthorized prying into a bank account, and opening personal mail of another." *Burgess v. Busby*, 544 S.E.2d at 11 (emphasis added). Such a statement recognizes that physical or sensory invasions into private places other than homes, like a backyard, may be actionable. In sum, the facts presented in this case fall somewhere in the middle of what may or may not be actionable, and North Carolina Courts deciding the outcome of a case might differ on the result. *See Hartley*, 187 F.3d at 425 ("The very fact that courts may differ in their resolution of [an] issue shows that there is a possibility of recovery.").

There is no North Carolina case law holding that conducting surveillance on someone in her own backyard, from a vantage point where the observer's presence is legally questionable, cannot as a matter of law be found highly offensive to a reasonable person or otherwise serve as a factual basis for a plaintiff's claim of intrusion into seclusion. As such, at this juncture, this Court need not further mine the merits in its analysis of Plaintiff's allegations. In the absence of

a North Carolina case that squarely resolves that Plaintiff's claim is not actionable or when the issue involves a judgment call and a federal court cannot say with certainty what a North Carolina court would hold, remand is proper. *Hartley*, 187 F.3d at 424-25. Moreover, "because all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists, a truly 'novel' issue ... cannot be the basis for finding fraudulent joinder." *Id.* Because there is at least "some possibility" and a "glimmer of hope" that Plaintiff will recover against Defendant G4S, remand is proper.

## IV. CONCLUSION

This Court cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case. While Geller's claim may not ultimately succeed, ultimate success is not required to defeat removal. *Marshall*, 6 F.3d at 233. Instead, there need be only a slight possibility of recovery. *Id.* The Court having identified a chance of success for Plaintiff, the jurisdictional inquiry ends.

**THEREFORE**, it is **HEREBY ORDERED** that Plaintiff's Motion to Remand (Document #12) is **GRANTED**. All other outstanding motions are therefore **DENIED without prejudice** as moot.

Signed: March 30, 2011

Richard L. Voorhees
United States District Judge